AMIEL L. WADE | SBN 184312
EVAN LIVINGSTONE | SBN 252008
WADE LAW GROUP - APC
262 East Main Street
Los Gatos, CA 95030
Direct Line:(408) 884-4018
Telephone: (408) 842-1688
Facsimile:  (408) 852-0614
Email: elivingstone@wadelitigation.com

Attorneys for Plaintiff Eftychios Theodorakis

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| EFTYCHIOS THEODORAKIS<br><br>Plaintiff,<br><br>vs.<br><br>DFINITY STIFTUNG, DOMINIC WILLIAMS, and GIAN BOCHSLER<br><br>Defendants. | Case No. 3:23-cv-02280<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Conversion<br>2. Trespass to Chattels<br>3. Negligence<br>4. Civil Penalties (Penal Code § 496(c))<br>5. Unfair Competition (Bus & Prof § 17200) |
|---|---|

### INTRODUCTION

1. This civil action alleges that Defendants DFINITY STIFTUNG (aka the DFINITY Foundation), DOMINIC WILLIAMS, and GIAN BOCHSLER, sold millions of ICP Tokens, a form of cryptocurrency created by DFINITY, in a manner that intentionally and/or negligently damaged the value of 41,666 ICP Tokens belonging to Plaintiff EFTYCHIOS THEODORAKIS, and wrongfully interfered with Plaintiff's possession of an additional 12,608 ICP Tokens. Defendant's actions caused Plaintiff to lose millions of dollars.

### JURISDICTION AND VENUE

2. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) based on the diversity of the parties and the amount in controversy.

3. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the San Francisco Bay area.

## PARTIES

4. Plaintiff EFTYCHIOS THEODORAKIS is an individual, domiciled in California.

5. Defendant DFINITY STIFTUNG (AKA the DFINITY Foundation) is a Swiss not-for-profit organization or "Stiftung," which its principal place of business in Zurich, Switzerland. DFINITY Stiftung operates a research center in San Francisco, California.

6. Defendant DOMINIC WILLIAMS is the Founder and Chief Scientist of Defendant DFINITY Stiftung. Dominic Williams is domiciled in Switzerland.

7. Defendant GIAN BOCHSLER is Council Member of Defendant DFINITY Stiftung. Gian Boschler is domiciled in Switzerland.

## FACTUAL ALLEGATIONS

8. On April 30, 2021, Plaintiff Eftychios Theodorakis entered into a Separation Agreement with his former employer DFINITY USA Research, LLC, a subsidiary of Defendant DFINITY Stiftung.

9. The agreement stated that Defendant would transfer 41,666 ICP Tokens immediately, and another 12,608 ICP Tokens to Plaintiff within thirty (30) days of May 8, 2021, which was the Effective Date of the Separation Agreement, i.e., by June 7, 2021.

10. Defendant DFINITY Stiftung transferred 41,666 ICP Tokens to Plaintiff on May 10, 2021.

11. Defendant DFINITY Stiftung has intentionally delayed transferring the remaining 12,608 ICP Tokens to Plaintiff, by various strategies, such as demanding Plaintiff sign additional documents.

12. Defendant DFINITY Stiftung still has not transferred the remaining 12,608 ICP Tokens to Plaintiff.

13. ICP Tokens are a form of cryptocurrency created by Defendant DFINITY Stiftung.

14. On April 30, 2021, the date Plaintiff signed the Separation Agreement, the value of each ICP Token was $221.00.

15. Starting on May 10, 2021, Defendants caused ICP Tokens to be publicly traded

1 | on cryptocurrency exchanges such as California based Coinbase.

2 |       16.    Upon information and belief, Defendants owned approximately 24% of the 469,213,709 ICP Tokens existing on May 10, 2023.

      17.    Upon information and belief, Defendant DFINITY Stiftung, as well as DFINITY insiders including Defendant Dominic Williams, Defendant Gian Bochsler, Vice President of Finance Paul Meeusen, and Head of Finance Nicholas Cooper, sold millions of ICP Tokens within five weeks after the cryptocurrency was launched on May 10, 2021.

      18.    This dumping of ICP Tokens caused the value of each ICP Tokens to plummet from a high of $731 on May 10, 2021 to $30.35 on June 26, 2021.

      19.    The current value of ICP Tokens is $5.39.

      20.    Defendants and other DFINITY Stiftung insiders sold this large number of ICP Tokens, knowing that selling such a large number in such a short time would hurt the value of the 41,666 ICP Tokens transferred to Plaintiff on May 10, 2021, as well as the 12,608 ICP Tokens which Defendant DFINITY Stiftung is obligated to transfer to Plaintiff, but has not yet transferred.

      21.    At the same time as Defendants sold millions of ICP, Defendant DFINITY Stiftung prevented Plaintiff, and other ex employees and current employees from selling their ICP Tokens, by representing delaying transfer of their Tokens and telling them their Tokens could not be sold.

      22.    In addition, Defendant DFINITY Stiftung failed to provide its employees with cash in lieu of tokens when the Defendant's employees received their ICP tokens, forcing the employees to immediately liquidate a large percentage of their tokens in June 2021, in order to pay income taxes. The decision not to provide a cash in lieu program was made by Defendants Williams and Bochsler.

      23.    Defendants knew that not providing DFINITY Stiftung employees cash in lieu of tokens would also harm the value of ICP Tokens, including those belonging and owed to Plaintiff.

      24.    Plaintiff has been harmed by Defendants' conduct because the value of the tokens

he received are only a fraction of what they would be if Defendants and Defendant's insiders had not dumped ICP tokens on the market, failed to provide its employees with cash in lieu of tokens, and failed to timely provide Plaintiff with the remaining 12,608 ICP Tokens which are due to Plaintiff.

25. Defendants acted with malice, oppression, or fraud, when it delayed and refused to transfer to Plaintiff the 12,608 ICP Tokens, when it dumped millions of ICP Tokens on the cryptocurrency market, and when it failed to implement a cash in lieu of tokens policy, knowing that its actions would harm the value of the ICP Tokens belonging to Plaintiff, investors and other ex employees of Defendant.

## CLAIMS FOR RELIEF

## COUNT I

## CONVERSION

26. Plaintiff incorporates all the foregoing allegations as though fully set forth herein.

27. Defendants wrongfully exercised control over Plaintiff's personal property, that is, his ICP Tokens.

28. Plaintiff owned 41,666 ICP Tokens, and had a right to possess an additional 12,608 ICP Tokens.

29. Defendants substantially interfered with Plaintiff's property by knowingly or intentionally preventing Plaintiff from having access to ICP Tokens, and destroying the value of Plaintiff's ICP Tokens.

30. Plaintiff did not consent to Defendants' actions.

31. Plaintiff was harmed by Defendants' actions.

32. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

33. Defendants acted with acted with malice, oppression, or fraud, when it delayed and refused to transfer to Plaintiff the 12,608 ICP Tokens, when it dumped millions of ICP Tokens on the cryptocurrency market, and when it failed to implement a cash in lieu of tokens policy, knowing that its actions would harm the value of the ICP Tokens belonging to Plaintiff.

## COUNT II

## TRESPASS TO CHATTELS

34. Plaintiff incorporates all the foregoing allegations as though fully set forth herein.

35. Defendant wrongfully trespassed on Plaintiff's personal property, that is, his ICP Tokens.

36. Plaintiff owned 41,666 ICP Tokens, and had a right to possess and additional 12,608 ICP Tokens.

37. Defendant intentionally interfered with Plaintiff's use or possession of Plaintiff's ICP Tokens, and intentionally damaged the value of Plaintiff's ICP Tokens

38. Plaintiff did not consent to Defendants' actions.

39. Plaintiff was harmed by Defendants' actions.

40. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## COUNT III

## NEGLIGENCE (Cal Civ Code § 1714)

41. Plaintiff incorporates all the foregoing allegations as though fully set forth herein.

42. Cal Civ Code § 1714 provides that everyone is responsible for an injury occasioned to another by his or her want of ordinary care or skill in the management of his property or person.

43. As owner, developer, and issuer of ICP Tokens, Defendant DFINITY Stiftung, and its officers Defendants Dominic Williams and Gian Bochsler, had a duty to sell and distribute ICP Tokens in a manner that used reasonable care to avoid injury to Plaintiff and other holders of ICP Tokens.

44. Upon information and belief, Defendants breached their duty to Plaintiff when Defendants, other insiders, sold millions of ICP Tokens within five weeks of May 10, 2021.

45. In addition, Defendants breached their duty to Plaintiff when it failed to provide DFINITY Stiftung's employees with cash in lieu of tokens when Defendant's employees received their ICP tokens, forcing the employees to immediately liquidate a large percentage of their tokens in order to pay income taxes.

46. This dumping of ICP Tokens and failure to provide DFINITY Stiftung's employees with cash in lieu of tokens, caused the value of ICP Tokens to plummet from a high of $721 on May 10, 2021 to $30.35 on June 26, 2021. The current value of ICP Tokens is $5.39.

47. Defendants' breach of its duty was a substantial factor in causing Plaintiff's injury.

## COUNT IV

## CIVIL PENALTIES UNDER PENAL CODE § 496(c) – Against DFINITY Stiftung

48. Plaintiff incorporates all the foregoing allegations as though fully set forth herein.

49. Defendant DFINITY Stiftung converted 12,608 of Plaintiff's ICP Tokens to its own use.

50. Defendant DFINITY Stiftung withheld this property from Plaintiff knowing the Tokens were stolen from Plaintiff.

51. Pursuant to Pen. Code, § 496(c) Plaintiff is entitled to three times actual damages, sustained by the Plaintiff, costs of suit, and reasonable attorney's fees.

## COUNT V

## UNFAIR COMPETITION (BUS. & PROF. CODE § 17200)

52. Plaintiff incorporates all the foregoing allegations as though fully set forth herein.

53. Business and Professions Code § 17200 prohibits any unlawful, unfair, or fraudulent business act or practice.

54. Upon information and belief, Defendant, as well as Defendant's insiders such as Dominic Williams, DFINITY Foundation's "Founder and Chief Scientist" sold millions of ICP Tokens within five weeks of May 10, 2021.

55. In addition, Defendants failed to provide its employees with cash in lieu of tokens when the Defendants' employees received their ICP tokens, forcing the employees to immediately liquidate a large percentage of their tokens in order to pay income taxes.

56. Defendants also delayed and refused to transfer to Plaintiff the remaining 12,608 ICP Tokens to which he was entitled.

57. This dumping of ICP Tokens, failure to provide Defendants' employees with cash

in lieu of tokens, and delay and refusal to transfer to Plaintiff his remaining 12,608 ICP Tokens was an unlawful, unfair, or fraudulent business act or practice.

58. This dumping of ICP Tokens and failure to provide Defendants' employees with cash in lieu of tokens, caused the value of ICP Tokens to plummet from a high of $731 on May 10, 2021 to $30.35 on June 26, 2021. The current value of ICP Tokens is $5.39.

59. As a result of the acts, conduct or omissions of Defendants, Plaintiff has lost at least $15,000,000.

60. Plaintiff is entitled to restitution of any money or property Defendants appropriated from Plaintiff through its unlawful, unfair, or fraudulent business act or practices.

61. Plaintiff is entitled to a disgorgement of any interest or profits Defendants made as a result of Defendants' expropriation of money or property from Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to the Seventh Amendment to the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for judgment as follows:

(a) Compensatory damages according to proof, in an amount of at least $15,000,000;

(b) Disgorgement of interest and profit Defendant DFINITY Stiftung made as a result of withholding ICP Tokens from Plaintiff;

(c) Exemplary damages;

(d) Treble damages pursuant to Penal Code § 496(c) against DFINITY Stiftung;

(e) An order mandating that DFINITY Stiftung transfer 12,608 ICP Tokens to Plaintiff;

(f) Attorneys' fees and costs of suit;

(g) Other relief as the Court may deem just and proper.

Dated: May 10, 2023                             WADE LAW GROUP

                                                               By:   /s/Evan Livingstone
                                                                           Evan Livingstone
                                                                           Attorneys for Plaintiff
                                                                           Eftychios Theodorakis