UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFTYCHIOS THEODORAKIS,<br><br>Plaintiff,<br><br>v.<br><br>DFINITY STIFTUNG, et al.,<br><br>Defendants. | Case No. 23-cv-02280-AMO<br><br>**ORDER STRIKING OPPOSITIONS TO MOTIONS TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 91 |

On August 5, 2024, Plaintiff filed an administrative motion requesting permission to file an additional ten pages in his opposition to Individual Defendants Dominic Williams's and Gian Bochsler's motion to dismiss. ECF 88. Plaintiff argued that a "full opposition" would require 35 pages of text to respond to Defendants' "multi-pronged attack" of the Second Amended Complaint. *Id.* The Court denied the administrative motion on August 6, 2024. ECF 90. Plaintiff filed his opposition to the Individual Defendants' motion to dismiss on August 9, 2024. ECF 91.

Civil Local Rule 3-4(c)(2) requires that all written text in papers presented for filing, including footnotes, be "(A) in a standard, proportionally spaced font . . . (B) in 12 point type or larger; and (C) spaced no more than 10 characters per horizontal inch." L-R 3-4(c)(2). "These page limits are not mere formalities. They are important. Page limits promote judicial economy and "encourage litigants to hone their arguments and to eliminate excessive verbiage." *LaComba v. Eagle Home Loans & Inv., LLC*, No. 2:23-CV-00370-KJM-DB, 2023 WL 6201597, at *1 (E.D. Cal. Sept. 22, 2023) (quoting *Fleming v. County of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (citation omitted)); *see also N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) ("[R]esources are limited. In order to give fair consideration to those who call upon us for

justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief.  Hence we have briefing rules.")

In defiance of the local rules, Plaintiff's opposition to the Individual Defendants' motion to dismiss uses a typeface – Arial Narrow – with 14-15 characters per horizontal inch, and a 10-point font for the footnotes.  *See* ECF 91; ECF 95 (Goodman Affidavit).[1]  This effectively added four excess pages to Plaintiffs' opposition.  *See* Goodman Affidavit ¶ 2.  Accordingly, the Court **STRIKES** Plaintiff's opposition to the Individual Defendants' motions to dismiss for failure to comply with the Civil Local Rules.  The Court additionally **ORDERS** Plaintiff to **SHOW CAUSE** why he should be permitted to re-file a proper opposition and why Plaintiff's counsel should not be sanctioned for violating the Court's August 6 order and the Civil Local Rules.  Plaintiff shall file a written response of no more than three pages to the Order to Show Cause by **August 23, 2024, at noon** PT.  A hearing on the Order to Show Cause shall take place on August 29, 2024, at 10:00 a.m. PT.

**IT IS SO ORDERED.**

Dated: August 20, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] Although Plaintiffs' opposition to Defendant Dfinity Stiftung's motion to dismiss, ECF 92, does not appear to exceed the page limit contemplated by the local rules, it also improperly uses the same format and font as the opposition to the Individual Defendants' motion.